# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ERIN S. MILEY,**

    **Plaintiff,**

**v.**                                            **Case No.: 2:19-cv-3206**
                                                     **JUDGE GEORGE C. SMITH**
                                                     **Magistrate Judge Jolson**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## **ORDER**

This case is before the Court to consider the *Report and Recommendation* issued by the Magistrate Judge on March 12, 2020. The Magistrate Judge recommended that the Court reverse the Commissioner's non-disability finding and remand this case to the Commissioner and Administrative Law Judge under Sentence Four of § 405(g). (Doc. 17). This matter is now before the Court on Defendant's Objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 18). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Defendant objects to the Magistrate Judge's *Report and Recommendation* asserting that the ALJ did not err in failing to specifically articulate why she did not include parts of the opinion from consultative examiner Robert Thompson, M.D., into the RFC. Further, Defendant argues that even if the ALJ did err, such error was harmless and this case should not be remanded.

The Magistrate Judge carefully considered this argument and Defendant merely disagrees with her conclusions. The Magistrate Judge, relying on *Hankinson v. Commissioner of Social*

*Security*, 2019 WL 6695821, at *4 (S.D. Ohio Dec. 9, 2019), found that the ALJ did not consider Dr. Thompson's limitations on squatting, climbing or repetitive lifting/bending when considering the medical evidence. (Doc. 17, R&R at 10). In *Hankinson*, the Court noted that, "[w]hile it is true that the ALJ is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding, the ALJ must nevertheless explain why he failed to include articulated limitations where he has found that the RFC is consistent with that medical opinion." *Id.* The Court agrees that the ALJ in this case failed to do so and therefore "rendered the Court unable to assess the ALJ's reasoning and understand why he did not incorporate the state-agency physicians' limitations." *Id.*

Based on the aforementioned and the detailed *Report and Recommendation*, the Court finds that the Commissioner's objections have been thoroughly considered and are hereby **OVERRULED**. Accordingly, the *Report and Recommendation,* Document 17, is **ADOPTED** and **AFFIRMED.** The Commissioner's non-disability finding is hereby **REVERSED** and the this case is **REMANDED** to the Commissioner and Administrative Law Judge under Sentence Four of § 405(g).

The Clerk shall remove Documents 17 and 18 from the Court's pending motions list and remand.

**IT IS SO ORDERED.**

       */s/ George C. Smith*
       **GEORGE C. SMITH, JUDGE**
       **UNITED STATES DISTRICT COURT**